Number 25-1429 Kickholdings, LLC v. Scott Bessent At this time, would counsel for the appellant please introduce himself on the record to begin. Yes, good morning, your honor. It's Bill Campbell for the appellant, Kickholdings, LLC. Okay, you going to reserve any time? Yes, your honor. I request two minutes for rebuttal. Okay, you may proceed. Your honor, there are two issues before the court today, each of which are rooted in what the Supreme Court has called an elementary requirement of due process. The government is required to use reasonable efforts to notify parties of a pending action. Counsel, we're well aware of your two arguments. Could you turn to the second argument that, in your view, the statute as phrased under Supreme Court case law cannot be construed as jurisdictional? And if it is not jurisdictional, there is a presumption that equitable tolling applies. So could you address both why you think the statute is not jurisdictional and why you think you get the benefit of equitable tolling? Certainly, your honor. That analysis starts with the Supreme Court's decision in Beckler. Each circuit court that has looked at this particular statute since the Beckler decision has come down and said, even when those circuit courts have had a history of ruling that it's a jurisdictional limit, each circuit court that has looked at this has said it's a non-jurisdictional timing deadline. In part, the reason for that is because of the harsh consequences that come when please, it's not because of the harsh consequences. It is because of the language of the statute and whether Congress intended it to be jurisdictional or not. So can you go back to the Beckler case and the circuits that have ruled in your favor and walk us through that analysis? Certainly, your honor. You're correct. It's clear and concise language that's required to make a timing deadline jurisdictional. In the Beckler case, there was actually jurisdictional language in the same sentence as the timing rule. It was contained in a parenthetical. But even in that case, the Supreme Court decided that that was not clear enough language to indicate that Congress intended it to be a jurisdictional deadline. The courts that have looked at this include the Third, Sixth, and Second Circuits. Each one has looked at this rule and decided that it does not contain the clear and concise language that's required for it to be a jurisdictional deadline. I guess the one clause within this section that contains the word jurisdiction is a sentence that simply states that the tax court would not have jurisdiction to enjoin any injunctive relief or action for a refund. Your honor, I think that makes a lot of sense that that's included in there, especially when we take a look at the context for this statute. So if a taxpayer receives a notice of deficiency, they have four options. The first of which is they can go to tax court and petition the tax court for a redetermination of that deficiency. Alternatively, they could pay the deficiency and then proceed to the U.S. Claims Court or U.S. District Court. The fourth option, of course, they could do none of those things. If a petition were filed in tax court and it was an untimely filing, so let's say there was a petition filed the 91st day and the tax court then looked at it, determined that equitable tolling did not apply on that particular case, it would not make sense that that person could then file a request for injunctive relief to stay a collections action from the IRS because it did not make a timely filing in that particular set of facts. That does not mean that as a matter of law that you cannot file a petition on the 91st day. It just means that if the court goes through the analysis, determines that equitable tolling does not apply on that certain set of facts, that you cannot then go and request injunctive relief. The way I see the record here, and just correct me if I'm wrong, it looks like both parties treated the filing deadline as jurisdictional within the tax court. So the facts on the ground, I guess, are that the tax court had that position that it was jurisdictional, but that there were circuit courts that have said it's not jurisdictional. For exhaustion purposes, is there any requirement that the tax court be made aware that you're claiming that it is non-jurisdictional, that the deadline is non-jurisdictional? And if there is such a requirement in your view, was that met here? Well, Your Honor, I guess, firstly, we did contest that this was a jurisdictional deadline in the tax court. And, Your Honor, my friend from the IRS makes the argument that we waived that argument and waived the equitable tolling argument. I disagree in part because there's a clear language in Beckler that says that a jurisdictional deadline is not something that can be forfeited or waived. I think that's dispositive of the issue. But even looking at the arguments in the record in the tax court, there was a citation to the Culp decision, which at that time was the only case that had looked at this particular issue. And additionally, there was a clear statement that we dispute that this is a jurisdictional deadline. It was our position in the tax court that they did not need to reach that issue because the actual notice was deficient. And that's the first argument that we put forth in our briefs that I'm prepared to discuss today, but that's that the tax court failed to exercise reasonable diligence. So that was the argument that was at the forefront in the tax court, but we certainly disputed that the 62138 deadline is jurisdictional. But if you prevail on the second argument, you don't need to go on to the first, correct? I don't see why we would have to go into it. We could just assume arguendo if we needed to, that the investigation was done in accordance with law and was reasonable. What this case is really about is whether the time limits are jurisdictional or not. I did ask you to address why you are entitled to the presumption that the equitable tolling would apply. I mean, your clients are accused of tax fraud, and you do have a few equitable arguments, but maybe you ought to tell us why you think you have at least a plausible case of equitable tolling. Certainly, Your Honor. And I guess just to start, I respectfully disagree with the assessment that the first question does not need to be reached. You really want us to rule against you on the first question in order to reach the second question? No, Your Honor. I certainly would not want you to rule against me on the first question, but I think it's a necessary step in part because this is a due process requirement, and the government is required to put parties on notice. Okay, but if we rule in your favor on the second issue and remand the case, you're back to square one. And any due process concerns have been taken care of. Well, Your Honor, I guess it's my position that for the tax court to even have jurisdiction, there needs to be a compliant notice sent to the taxpayer. It's my position that that has not occurred here. That's the threshold step that the IRS needs to satisfy. But if we remand with specific instructions, you would have the opportunity to litigate any other issues you have. Right. And you're correct, Your Honor, that the equitable tolling argument and the reasonable diligence standard, there's overlap there, but I think they're separate arguments and they're separate standards, and it's for a reason. Well, the IRS says even if the statute can be equitably tolled, the two different issues, concededly different, are close enough that you don't really have a viable, equitable tolling case. So can I go back to my question to you? Why do you think you have a not viable, plausible argument of equitable tolling? Certainly, Your Honor. There's one piece of information in the IRS's file that indicates that the Western Avenue address was the correct address, and that's the most recently filed tax return. Other than that, every other shred of paperwork in their file indicated that that was the incorrect address. And, Your Honor, that's why I'm really trying to emphasize that this is tied to due process, that this is an affirmative due diligence standard that the IRS is tasked with. And I can walk through. Counsel, your clients never changed the official address in the IRS files, and you really want us to rule that it's unreasonable for IRS to rely on the record, which your clients could easily have changed by putting in a change of address form. On this set of facts, yes, Your Honor. And the reason for that is because I could just walk through this record. No, that's why equitable tolling may exist to take account of the other circumstances you're talking about. But it doesn't make the IRS reliance on that information in their files unreasonable. Your Honor, I guess I would just direct the Court to the sister circuits that have looked at similar sets of facts. So the IRS, firstly, they've investigated this alleged fraudulent transaction for several years. They were aware of they had a copy of the purchase and sale agreement, which indicated the P.O. Box address. They had municipal tax information, which would have indicated the P.O. Box address. Were the very same IRS employees involved? Your Honor, I think when we're dealing with individual – The IRS is a very big agency. Right. The investigators are not the same as the notice of deficiency people. Your Honor, that's in part why I am really trying to emphasize that this requirement is intended to protect taxpayers and to ensure that they receive notice. Whether or not the same investigators and attorneys were pushing this case forward, that's not a burden that the taxpayer should have to shoulder. But that's not in the statute or legislative history, correct? Well, Your Honor, if I could. Yes, please answer. Your Honor, there's case law that ties this reasonable diligence standard to basic due process standards. I don't think it's a reach to say that when we're talking about individual taxpayers, that when it's a due process standard protected by the 14th Amendment, that the government needs to give taxpayers notice that that is not an obligation that should be burdening taxpayers. Thank you, Your Honor. Thank you, counsel. At this time, would counsel for the appellee please introduce himself on the record to begin? And, counsel, we'd like you to address first. If you have time, the other – first go to the second issue, please. May it please the Court. I'm Matthew Jontroy, appearing on behalf of the Commissioner of Internal Revenue. I'd be happy to go to the second issue, but before I do, Your Honor, I just want to mention I think you do have to reach the first issue. The first issue is jurisdictional. If the notice of deficiency is not valid, then the tax court also lacks jurisdiction for that reason. That's why the tax court felt it had to address both issues. So if this court wants to move on to just the 6213 issue, I think you need to affirm on the first issue. And before getting fully – Even if we were to rule in appellant's favor and remand the case, we would still have to rule on the first issue? Yes, Your Honor. An invalid notice of deficiency would create a lack of jurisdiction for the tax court. Okay. So – but I think it's important to think about waiver, and I think waiver can help answer some of this court's questions. When facing the motion to dismiss for lack of jurisdiction, Kick Holdings only argued that it was seeking a declaratory judgment, that the assessment was invalid because the notice went to the wrong address. It only made an argument against jurisdiction, right? It was arguing that the tax court lacked jurisdiction over its own petition. He says they cited the Culp case to you. Well, they cited the Culp case to the tax court in a footnote, but as part of its waiver. And this is actually at appellee's addendum, page 2 at the end of our brief. But this waiver sort of comes in two parts, right? So first, Kick Holdings specifically rejects the notion that it was challenging the substantive assessment. So it was not challenging the underlying determination of transferee liability or the calculation, which makes sense because it was not arguing in favor of tax court jurisdiction as it would have to do in order to challenge the substantive assessment. It was only arguing against the tax court's jurisdiction. Now, as part of that waiver, they do cite the Culp case in a footnote, but that footnote does not make the argument or preserve the argument. In that footnote, they're simply saying, look, we understand that if we were challenging the substance, we'd have an argument why the tax court might have jurisdiction, see Culp. But they weren't actually making that argument, right? They've essentially spotted it and then waived it. Here's my underlying problem with your waiver notion. It's a series of problems. I read Beckler. I read the three circuit court opinions. It is pretty clear to me, and it's quite explicit in one of those opinions, that the taxpayer did not make the equitable tolling argument, but the court nonetheless went ahead and addressed it. I don't see that the tax court itself has the power to determine the statutory interpretation issue. I think the federal courts do. And the tax court has already taken the position that, no, it is jurisdictional. There is no equitable tolling. So why would people need to make a futile argument? And just as in the jurisdictional area, the Supreme Court has told us, at least in immigration cases, don't take that exhaustion requirement as amounting to you have no power to reach it if it wasn't raised in the agency. So I'm kind of doubtful. I'm extremely doubtful this case can go out on waiver. I understand, Your Honor. And I won't belabor the point, but they are waiving any challenge to the substantive assessment. So what is the point of this tax court proceeding? The reason they're not arguing in favor of the tax court's jurisdiction is they're not challenging the underlying. So that goes back to your first statement about why you think we have got to decide the first question first. Actually, this is going to why they're waiving us the second question. It's just that they're not actually trying to challenge the liability. Let me beg the question this way. If this court said that equitable tolling were available, right, would they be challenging the liability? They said they weren't. They intentionally waived a liability challenge. So what is the sort of academic point of this is I think the argument we're trying to get at. But I'll move to the second argument, and I'd just like to correct something from the papers. I think my friend says that we only cite two unpublished decisions from this court. We actually cite a published decision from this court. It's called FERRE, F-E-R-R-E. We cite it three times, and I think that's just an oversight. So turning fully to the jurisdictional, the 6213A jurisdictional issue, I think just to correct some statements about where we're at on this, since the Supreme Court reviewed the meaning of jurisdiction, six courts have looked at this question, not three. But three of them relied on the law of the circuit doctrine because they had earlier cases pre-Beckler that said it is jurisdictional. I don't think that's correct, Your Honor. The Ninth Circuit in Organic Cannabis, the Seventh Circuit in Tilden, were not relying on their old decisions. They were looking at it afresh, and they reached the determination that 6213A's filing deadline is jurisdictional. And the Eleventh Circuit's decision in Allen, albeit unpublished, was post-Beckler. In Allen, the Eleventh Circuit said that we don't think that an intervening decision about a separate statute, 6330, causes us to change our mind as to our own precedent. But the other two, Organic Cannabis and Tilden, the Ninth and Seventh Circuits, were fully looking afresh. They were de novo review of the question of Beckler? Yes. Well, no, not the question of Beckler, Your Honor. They predate Beckler, but they don't predate Arbaugh. So, you know, the Supreme Court. I understand. But, you know, the Supreme Court had been issuing these jurisdictional decisions for many, many, many years prior to Beckler. Yeah, but Beckler added some additional stuff. Yes. And let me just jump to Beckler then. Okay. I think it could be helpful to say, well, why is this case different than Beckler? The text of 6213A is different than the text in Beckler. In Beckler, the jurisdictional grant was in a parenthetical, and that was very important to the Court's decision. That meant that the jurisdictional grant was separated from the rest of the sentence. And the parenthetical had a vague phrase, such matter, that did not have a clear antecedent. None of that is true as to 6213A. 6213A is much clearer than 6330 was. There's nothing separating the grant of jurisdiction from the filing deadline. And I think to put a finer point on that, one of the things we think went wrong with the reasoning of the recent circuits, the last three circuits, was that they didn't first decide what the grant of jurisdiction was, before deciding whether a time limit applied to it. So we would urge this Court to first decide what statute it is that grants subject matter jurisdiction, what statute waives sovereign immunity, and only then decide whether a time limit applies. And we think the only viable answer to those questions is section 6213A. In one breath, 6213A creates a cause of action. It simultaneously waives sovereign immunity, and it's an implied grant of subject matter jurisdiction, which is possible because there is no magic words requirement. So, you know, now jurisdiction is usually done, is determined by something that's sometimes called a clear statement rule. That's a bit of a misnomer. What's required is a clear indication that Congress intended something to be jurisdictional. But it's not just about text. It's about text, it's about context, and it's about relevant history. Here, the text is actually better than in Beckler. But the thing Beckler lacked was the context and the history. Beckler was not — Beckler interpreted 6330, which is not a linchpin of the tax system in the way 6213A is. 6213A has been, you know, the grant of jurisdiction since 1926. 6330 was created in — Yeah, but I thought Beckler said it doesn't matter how long the statute has existed. What we look at is the actual text of the statute. Yes, but I'm trying to make a slightly different point, which is that regardless of how long it's existed, it still lacked context and relevant history in the way that 6213A does not. So we think the grant of jurisdiction, and I think that this has been the view of the courts for a long time, until 2023, the grant of jurisdiction is in the first sentence of section 6213A when it says the tax court has the power to redetermine a deficiency. We see that as the textual grant. And then the filing deadline is in the very same sentence, and nothing separates the two. That's very different than some of the other statutes interpreted and different than Beckler. So while, you know, the text of 6213A could be clearer, we think it should be sufficiently clear. But that's the issue, isn't it? It is the issue. I mean, the Supreme Court has said Congress has to clearly indicate. Yes, Your Honor. But here it's granting the authority for a particular court to engage in judicial review of a particular prior administrative determination. That, you know, the ability to engage in judicial review would be a grant, and we think that that's exactly what it's saying when it says you can redetermine the deficiency. It would still have jurisdiction to review whether there is equitable tolling of the statute, correct? Well, no. I think then the question would be would the filing deadline that applies to that grant of jurisdiction be, you know, does the filing deadline apply and is the filing deadline jurisdictional would still be the question. But here there would be nothing separating them. In the Supreme Court's, you know, decisions, those timing provisions are usually in different statutes, different subsections. In Beckler there happened to be this critical parenthetical separating the language. Yeah, got it, got it. Okay. So, you know, let me just clarify a couple of other pieces. If you're going to start with what is the grant of jurisdiction, I think the only other possible statute is 6214A, but I think 6214A doesn't really live up to that. It has some language that in isolation could be read as a grant of jurisdiction, but when you read it as a whole and in context, it really does not appear to be the original or initial grant, right? 6214A is just about providing additional jurisdiction to the tax court to consider increases of deficiency after the tax court already has jurisdiction. The title, you've got to interpret it along with its title. The title says that it's about jurisdiction as to increase of deficiency additional amounts or additions to tax, and the critical clause at the end of 6214A... You don't have to interpret it along with its title. Sometimes it's appropriate to do so, but there's no requirement. The title doesn't necessarily mean anything. I agree that the title doesn't cinch it, but I think it should be read along with its title that's been put into the statute, and the title indicates that it's only about increases and additional amounts. But you can also look at the language of 6214A itself, the if clause at the end, if claim therefore is asserted by the secretary, applies to all of the prior text. So the whole clause doesn't kick in unless the claim is asserted by the secretary at a hearing or rehearing, which means you already have to be in the tax court for the claim to be asserted. And I think that's why for so many decades courts have pointed to, including this court, has pointed to 6213A as the grant of jurisdiction. And what we're saying is, yes, it is the grant of jurisdiction, and the filing deadline is in the very same sentence. As far as textual clues, Your Honor, there's three jurisdictional prerequisites that are very fixed in the Supreme Court's case law. The commissioner must make a determination of a deficiency, a notice of deficiency must be sent, and a petition must be filed. But in the middle of those other three is the filing deadline. So we think this is the fourth prerequisite, and that's what courts have thought for many, many decades. So what do you do with your opponent's point that this is intended to help or protect taxpayers? Yes. Which might suggest that we would lean a different way. Well, I think that there, this court should follow the Ninth Circuit's discussion in organic cannabis about 7459D. And while I'm talking about 7459D, I'd also like to correct some things from the briefing about 6512A. So what 7459D says is if the tax court is dismissing for lack of jurisdiction, then no decision is going to be entered. But if the tax court is dismissing not for lack of jurisdiction, then a decision is entered, and that decision is then going to be raised judicata. So once the tax court has jurisdiction, whether or not equitable tolling is even allowed, or whether or not it's allowed in a particular case, the tax court's going to be issuing a decision that's binding. Now, I think... Is this all about whether there's a subsequent opportunity to go to the court of claims? Uh... What is the point? That's part of it, Your Honor. There's a number of possibilities for challenging a tax liability later. But I think the answer being, if you're thinking about, you know, is this going to be harsh, non-jurisdictional ruling is going to be much harsher. A lot of taxpayers are not going to qualify for equitable tolling if equitable tolling is even available. And they're going to wind up with binding decisions on the merits as to their liability simply for having filed in tax court. And I think the Ninth Circuit's right about that. Now, 6512A, I think, you know, the other side points to 6512A a little bit and says, well, that says that a refund suit's only precluded if you file the timely petition. But that's apples and oranges. What 6512A is saying is it's denying jurisdiction for any later refund suit if a timely tax court petition had been filed. But that goes to jurisdiction, not res judicata, not the merits, two completely separate things. And tax court decisions would be relevant in bankruptcy. They'd be relevant in later judicial, you know, district court proceedings, right, to get a judgment or to foreclose a lien. And they'd be relevant in later administrative lien or levy proceedings. So I see my time's expired, Your Honor. If you want to finish that sentence, go ahead. Just the idea is that it's not just about later refund proceedings, but more people will be harmed by a non-jurisdictional status of 6213A than a jurisdictional status, and the Ninth Circuit was right about that. Thank you. Thank you, counsel. Two minutes for a vote. Please reintroduce yourself on the record to begin. Bill Campbell for Appellant Kick Holdings, LLC. Your Honor, I need to address just an initial point before I get into the two substantive issues that I'd like to discuss. That initial point is that the notion that this is an academic exercise or that we have abandoned our merits-based defenses, that is absolutely incorrect, and the IRS should be aware of that because, Your Honor, this is a transferee liability case. What that means is that this is fraudulent transfer law. So there was a transaction between Kick Holdings and Kick Charters with an individual, Dwight Raymond. Now, the basis for the deficiency is Dwight Raymond's unpaid taxes. So not only does Kick Holdings not dispute the existence of those unpaid taxes, I don't think they have standing to challenge those unpaid taxes. The merits-based defense in this case is that this was not a fraudulent transfer, meaning that there was not inadequate compensation in exchange for the property that we received in the transaction. The reason I say the IRS should be aware of this is because there's a summary judgment motion pending in the companion charters case that would be dispositive of the action in charters. If this case were heard in tax court, a very similar motion would be filed there, which, again, we feel would be dispositive. So I just needed to address that this is an academic exercise. It very much is not. Turning to my two points, I'd like to discuss, because I'm not sure if I ever really addressed Judge Lynch's question regarding the plausibility of our equitable tolling argument. I guess to start, there was a clear factual error by the tax court when they described the return as unclaimed. If we look at appendix page 18, it's the USPS tracking information. It does not say that it was unclaimed. It says no such number. What that means is that the number did not exist, and there is some factual record from this in the transcript from the hearing, if I could briefly conclude.  That the number, the Western Avenue address does not exist due to a renumbering by the municipality in which it sits. Your Honor, it's for these reasons that we ask that the tax court's decision be reversed. Thank you. That concludes argument in this case. I'll rise.